IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELISA BALTIMORE, | |
| Plaintiff, | |
| v. | Case No. 3:25-CV-2172-NJR |
| MT. VERNON POLICE DEPARTMENT and MT. VERNON STATE'S ATTORNEY, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for screening of the *pro se* Complaint for Violation of Civil Rights filed by Plaintiff Elisa Baltimore. (Doc. 3). Although Baltimore has paid the filing fee, "[d]istrict judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). "This is so even when the plaintiff has paid all fees for filing and service." *Id.*; *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

In reviewing the Complaint, the Court accepts all well-pleaded factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The Complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must

do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404. Under Rule 12(e), a court may order a party to provide a more definite statement when the original pleadings are "so vague or ambiguous" that the opposing party cannot reasonably be required to frame a response. *Mitchell v. Elec. Beach Tanning Salon Ltd.*, No. 18 C 7475, 2019 WL 1077127, at *2 (N.D. Ill. Mar. 7, 2019).

In her Complaint, Baltimore alleges that Defendants violated her First Amendment right to access information and the Fourth Amendment guarantee against unlawful searches and seizures. (Doc. 3). Baltimore claims that on July 30, 2025, Mount Vernon police "forcefully entered" one of her properties while she was out of town. (*Id.*). She then states: "I went to retrieve it the next day from State's Attorney Office, I was told to get it from son's lawyer, which he did not have, and who was already in the county jail. I ask to speak to state, I was told I would be escorted out by deputy. . . . Also, filed FOIA, received no such record exists." (*Id.*). As relief, she seeks actual damages for her property and punitive damages in the amount of $500,000 for malicious police misconduct. (*Id.*). Baltimore also states that she is "looking for someone to help me," which the Court construes as a motion for recruitment of counsel.

The undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). And a *pro se* litigant is not required to explicitly refer to a statute or explain a legal theory in order to state a cause of action, as long as relief is possible under some statute or theory consistent with the facts pleaded.

*Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992).

At this point, however, the Court cannot discern whether Baltimore has stated a claim under the facts she has pleaded. Baltimore alleges that Mount Vernon police forcefully entered one of her properties, but she has provided no information to indicate the search was unlawful. She also states that she went to retrieve an item, which the Court presumes the police took from her property, but she does not provide any facts that would demonstrate the seizure was unconstitutional. Baltimore mentions her son who was in the county jail, but it is unclear whether her son was arrested as a result of the alleged unlawful search and seizure. Finally, Baltimore alleges that she filed a Freedom of Information Act request, but it is unknown what information she requested and from whom. In other words, Baltimore has not given enough details about the alleged incident to present a story that holds together. *Swanson*, 614 F.3d at 404. As a result, Defendants cannot reasonably be required to respond to the Complaint.

For these reasons, the Court orders Baltimore to amend her Complaint to provide a more definite statement of the facts she is alleging. The Court encourages Baltimore to review the Court's resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court encourages Baltimore to review the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court. Along with the amended complaint, Baltimore must prepare a summons for each named Defendant and return the summonses to the Clerk of Court for issuance. She then has 90 days to complete service of process on the Defendants.

Finally, with regard to Baltimore's request for "someone to help [her]," the Court notes that civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when she is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit has instructed courts to consider two factors when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654. Here, Baltimore has not provided the Court with any evidence demonstrating that she is unable to afford an attorney, that she has attempted to obtain counsel on her own, or that she is incapable of litigating the case *pro se*. Accordingly, to the extent Baltimore is requesting recruitment of counsel, that request is denied without prejudice.

For these reasons, the Court **ORDERS** Plaintiff Elisa Baltimore to amend her complaint to provide a more definite statement of her case on or before **February 5, 2026**. The Clerk's Office is **DIRECTED** to send Plaintiff blank summons forms to be filed with her amended complaint and a form motion for recruitment of counsel.

**IT IS SO ORDERED.**

DATED:   January 5, 2026

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**